**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/10
```

IN RE MARSH & McLENNAN COMPANIES, INC.
DERIVATIVE LITIGATION

No. 04-Civ-8516 (RMB)

## STIPULATION AND ~~PROPOSED~~ ORDER OF DISMISSAL

WHEREAS, on March 16, 2005, the Court entered an order consolidating the following derivative actions filed in this Court on behalf of nominal defendant Marsh & McLennan Companies, Inc. ("MMC"): *Miller v. Greenberg, et al.*, 04-CV-8516 (RMB); *Schorr v. Greenberg*, et al., 04-CV-8958 (RMB); *Combs v. Greenberg*, 04-CV-9054 (RMB); and *Henry v. Greenberg*, 05-CV-2020 (RMB);

WHEREAS, the Court's March 16, 2005 order appointed plaintiffs Harry Schorr, Harry Schorr as Trustee of the Harry Schorr Revocable Trust, Jay Schorr, and M. Gary Schorr as Trustee of the M. Gary Schorr Revocable Trust, as Lead Plaintiffs and their counsel, Weiss & Lurie, as Lead Counsel for this consolidated derivative action;

WHEREAS, on December 8, 2005, the Court entered an order consolidating *Chernik v. Greenberg*, et al., 05-CV-9855 (RMB) with this consolidated derivative action;

WHEREAS, on August 17, 2006, the Court entered an order staying this consolidated derivative action in favor of a parallel derivative action pending in the Delaware Chancery Court, *In re Marsh & McLennan Companies, Inc. Derivative Litigation*, 753-VCS (Del. Ch.) (the "Delaware Derivative Action");

WHEREAS, Lead Plaintiffs herein served among the lead plaintiffs in the Delaware Derivative Action, and Lead Counsel herein served among the lead counsel in the Delaware Derivative Action;

WHEREAS, on December 22, 2009, the parties in the Delaware Derivative Action agreed to a Stipulation of Settlement (the "Settlement") resolving the derivative claims (including but not limited to the claims asserted in this consolidated derivative action), a copy of which is annexed hereto as Exhibit A;

WHEREAS, pursuant to the Settlement, over 36,000 copies of the Delaware Chancery Court-approved "Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") were disseminated to MMC shareholders, and the Notice was posted to MMC's website;

WHEREAS, no MMC shareholder objected to the proposed settlement of the Delaware Derivative Action and the claims asserted therein;

WHEREAS, on March 25, 2010, the Delaware Chancery Court entered an Order and Final Judgment (the "Final Judgment") (a copy of which is annexed hereto as Exhibit B) approving the Settlement of the Delaware Derivative Action;

WHEREAS, the Final Judgment entered in the Delaware Derivative Action found that the Notice had been disseminated pursuant to and in the manner directed by the court; that the form and manner of the Notice was the best notice practicable under the circumstances and was given in full compliance with each of the requirements of Rule 23.1 of the Rules of the Court of Chancery of the State of Delaware, and due process; and that all shareholders of MMC would be bound by the Final Judgment (Exhibit B at 2);

WHEREAS, the Settlement at paragraph 8 defines "Final Approval" as: "the point at which the Order and Final Judgment approving the Settlement . . . becomes final and unappealable, whether by exhaustion of any possible appeal, lapse of time, writ of certiorari or otherwise";

WHEREAS, Final Approval of the Final Judgment has been given; and

WHEREAS, the Settlement at paragraph 17 provides that within five (5) business days of Final Approval, plaintiffs and plaintiffs' counsel shall cause to be filed appropriate papers seeking the dismissal with prejudice of this consolidated derivative action, in its entirety;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This action is dismissed with prejudice as to all parties, upon the terms and conditions specified in the Settlement and the Delaware Chancery Court's Final Judgment; and

2. This stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original. Such counterparts together shall constitute a single stipulation.

3. Clerk to close this case.

DATED: April 27, 2010

| | |
|---|---|
| WEISS & LURIE | GIBSON DUNN & CRUTCHER LLP |
| *(signature)* | *(signature)* |
| Joseph H. Weiss | Wesley G. Howell |
| David C. Katz | Mark B. Holton |
| 551 Fifth Avenue | 200 Park Avenue |
| New York, New York 10176 | 47th Floor |
| (212) 682-3025 | New York, New York 10166-0193 |
| (212) 682-3010 (Fax) | (212) 351-3805 |
| Lead Counsel for Plaintiffs | (212) 351-4035 (Fax) |
| | Attorneys for Nominal Defendant Marsh & McLennan Companies, Inc. |

3

| LANKLER SIFFERT & WOHL LLP | ALLEN & OVERY |
|---|---|
| */s/ John S. Siffert* | */s/ Michael S. Feldberg* |
| John S. Siffert | Michael S. Feldberg |
| Gabrielle S. Friedman | 1221 Avenue of the Americas |
| 500 Fifth Avenue. 33rd Floor | New York, New York 10020 |
| New York, New York 10110 | (212) 610-6360 |
| (212) 921-8339 | (212) 610-6399 (Fax) |
| (212) 764-3701 (Fax) | Attorneys for Defendant Jeffrey W. Greenberg |
| Attorneys for Defendants Lewis W. Bernard, Zachary W. Carter, Robert F. Erburu, Oscar Fanjul, Stephen R. Hardis, Gwendolyn S. King, Lord Lang of Monkton, DL, Morton O. Shapiro, and Adele Simmons | |

DATED: __4/28__, 2010 SO ORDERED:

_____
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

4